STATE OF MAINE, by Complaint, *vs.* GEDEON MAHEU.

Kennebec.    Opinion October 16, 1916.

*Right of municipalities to enact Ordinances for protection of health. Scope and limitations of Court relative to Municipal Ordinances. When an Ordinance may be declared invalid.*

Section 9 of an Ordinance of the City of Waterville, known as the Meat Code, provides as follows:

"Section 9. That no person or persons shall sell or offer for sale in this city any meat intended for human consumption, whether slaughtered within such district or elsewhere, unless the same has first been inspected and approved by the meat inspector or assistant inspector or board of health of the city of Waterville, except meats, bearing the inspection stamp of the United States department of agriculture."

The respondent purchased five fresh pork shoulders from a wholesale dealer in Auburn, Maine, by whose private inspectors the meat had been inspected. It was shipped in due course to the respondent at Waterville and was placed in his market for sale without being inspected in Waterville as provided in the Ordinance above recited.

The respondent filed a general demurrer to a complaint brought under this section and the demurrer was overruled. Upon exceptions to this ruling and upon an agreed statement of facts, it is *Held;*

1.  When a municipal ordinance is passed under a general law authorizing municipalities to make regulations for the health, safety and welfare of the people, the Court may declare the ordinance invalid if it contravenes the State or Federal Constitution or an existing statute, or if in their judgment it is unreasonable, even though it may conflict with neither constitution nor statute.

2.  Section 9 is not in conflict with either the State or Federal Constitution, nor with any statute of this State.

3.  It is also reasonable both as to the particular subject matter and to the method of enforcement.

4.  In the absence of a general law regulating the subject throughout the State, each city or town has the right to insist upon inspection by its own officials. The inspection by private inspectors is without legal force.

Complaint and warrant for violation of what is known as the meat code or ordinance of the city of Waterville, Maine. Respondent adjudged guilty and fined by Judge of municipal court. Appeal entered to Superior Court, Kennebec county, where demurrer was filed by respondent. Demurrer overruled by presiding Justice. Respondent filed exceptions. Exceptions overruled. Judgment for State.

Case stated in opinion.

*W. H. Fisher,* county attorney, for State.

*C. A. Blackington, and George C. Wing,* for respondent.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHILBROOK, JJ.

CORNISH, J. Complaint for violation of section 9 of an ordinance of the city of Waterville known as the meat code. This section provides:

"Section 9. That no person or persons shall sell or offer for sale in this city any meat intended for human consumption, whether slaughtered within such district or elsewhere, unless the same has first been inspected and approved by the meat inspector or assistant inspector or board of health of the city of Waterville, except meats, bearing the inspection stamp of the United States department of agriculture."

The respondent was found guilty in the municipal court and on appeal to the Superior Court filed a general demurrer, which was overruled. The case comes before this court on respondent's exceptions to the overruling of the demurrer and upon an agreed statement. From these it appears that the respondent purchased five fresh pork shoulders from the Merrow Brothers Company of Auburn, Maine. The meat had been duly inspected by the inspectors of the Merrow Brothers Company. It was shipped in due course to the respondent at Waterville and was placed in his market for sale without being inspected in Waterville in accordance with the terms of the ordinance above recited.

The single question involved is the validity of this section in question.

The general nature, character and extent of what is known as the police power has been so clearly defined by this court in numerous and recent cases that it needs no further discussion here. *B. &· M. R. R. Co.* v. *Co. Commissioners*, 79 Maine, 386; *State* v. *Robb*, 100 Maine, 180; *State* v. *Starkey*, 112 Maine, 8. The right of a municipal corporation in the exercise of this power to enact reasonable ordinances for the purpose of promoting the health of its citizens is settled. The scope and limitations of the supervisory authority of the court over municipal ordinances are also well established. When a municipality has been given by the Legislature in express language the power to enact a particular ordinance in a prescribed manner, the courts may not adjudge the ordinance to be invalid merely because it is deemed unreasonable. Its reasonableness or unreasonableness is a matter of legislative discretion. The Legislature having exercised that discretion in the passage of the authorizing act, their action is not subject to review by the court. Such ordinances so expressly authorized can be declared invalid by the court only when they are in violation of the Constitution, State or Federal. *State* v. *Mayo*, 106 Maine, 62.

But when a municipal ordinance is passed under a general law authorizing municipalities to make regulations for the health, safety and welfare of the people, the courts may declare the ordinance invalid if it contravenes the Constitution or an existing statute, or if in their judgment it is unreasonable or discriminatory, even though it may conflict with neither Constitution nor statute. 1 Dill.

Mun. Corp. sec. 328; *Munson* v. *Colorado Springs,* 35 Col., 506; 9 Ann. Cas., 970.

In short, an ordinance may be invalid, first, when it is unconstitutional, whether authorized in express or general terms; second, when it conflicts with an existing statute, if authorized in general terms, but not if authorized in express terms, as in the latter case the special authorizing act takes precedence of the general law; and third, if authorized in general terms, it may be declared void as being unreasonable or discriminatory even though it contravenes neither constitution nor statute.

Let us apply these general principles to the ordinance under consideration.

Section 9 requires all meat sold or offered for sale for human consumption in the city of Waterville, wherever slaughtered, to be inspected and approved by the meat inspector or assistant inspector or board of health, except meats bearing the inspection stamp of the United States Department of Agriculture.

We think this provision is valid. It is not in conflict with the Federal Constitution as an interference with interstate commerce. *Minnesota* v. *Barber,* 136 U. S., 313, because it expressly excepts duly inspected meat brought from other states. It does not contravene the Constitution of Maine. It is authorized under the general statute granting municipalities the power to make by-laws or ordinances, not inconsistent with law, respecting infectious diseases and health. R. S., ch. 4, sec. 93, par. II, and in cities regulating the sale of fresh meat and fish, R. S., ch. 4, sec. 93, par. XI.

We also think it is reasonable both as to the particular subject matter and as to the method of enforcement. *Austin* v. *Murray,* 16 Pick., 121; *State* v. *Robb,* 100 Maine, 180. Reasonableness under the circumstances is a judicial question, all honest and substantial doubts being resolved in favor of the municipal power. The test of reasonableness cannot be expressed by any ironclad rule. No hard and fast definition can be coined. It is here, as always, a relative term. Is the ordinance an appropriate measure for the promotion of the public health, safety or welfare? Does it have a real and substantial relation to that object? These are proper inquiries, and in this case they can be readily answered in the affirmative. Is the method of enforcement also reasonable and

practical? This must also be answered in the affirmative, because the section simply requires inspection and approval by the duly constituted officers of the city.

The respondent attacks the ordinance as unreasonable because it does not recognize as sufficient a prior inspection by any other city or authority in this State. We cannot yield to this contention. In the absence of a general law enacted by the Legislature, regulating the subject throughout the State, each city or town has the right to insist upon inspection by its own officials. It may well be that the system varies as to its reliability and efficiency in different places, being strict in one locality and lax in another, but it certainly cannot be deemed oppressive or discriminatory if in the absence of a general statute each city takes the necessary steps to inspect its own meat supply. The question of official inspection elsewhere does not however arise in the case at bar, because this meat had not passed an official inspection in the city of Auburn, but merely the private inspection of the firm of Merrow Brothers Company, the vendors.

Ordinances essentially the same as section 9 have received the sanction of the courts. *State* v. *Starkey,* 112 Maine, 8; *Trigg* v. *Dixon,* 96 Ark., 199, 23 Ann. Cas., 509, and note containing voluminous citations. Section 9 contains within itself the essential elements of a complete ordinance, *State* v. *Robb,* supra, and as this complaint is brought for the violation of that section, and as we hold that section to be valid, the entry must be,

*Exceptions overruled.*
*Judgment for the State.*